(R.D. 11568)

GRAPHICS INTERNATIONAL, INC. *v.* UNITED STATES

Entry No. 823173.

(Decided August 7, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WATSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entry the subject of the appeal for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1. That on the date of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or in the absence of sales freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit prices plus $1,000 for art work less the ocean freight of $1,838.55 and the insurance of $43.30.

2. That the merchandise the subject of the appeal for reappraisement enumerated in the attached Schedule is not identified in the Final List published by the Secretary of the Treasury in T.D. 54521, pursuant to the Customs Simplification Act of 1956, T.D. 54721 [sic], effective February 27, 1958.

3. That all the merchandise covered by the appeal for reappraisement was entered for consumption subsequent to February 27, 1958.

4. That the appeal for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such value was the invoice unit price, plus $1,000 for art work, less the ocean freight of $1,838.55 and the insurance of $43.30.

Judgment will issue accordingly.